# EXHIBIT D

PLAINTIFF'S TRIAL EXHIBIT 029

Attorney(s): STEVEN J. VELTRI, ESQ.
Address: 420 Totowa Road
Totowa, NJ 07512
Telephone: (973) 956-7600
Fax No.: (973) 956-1866
Attorney(s) for: PLAINTIFF, ROBERT M. PIETROWICZ

RECEIVED & FILED
SUPERIOR COURT
2011 OCT 28 P 2:54
CIVIL DIVISION

---

ROBERT M. PIETROWICZ

Plaintiff,

vs.

WILLIAM C. HOVEY

Defendant.

SUPERIOR COURT OF NEW JERSEY
CHANCERY DIVISION-GENERAL EQUITY PART

MORRIS COUNTY

DOCKET NO.:

CIVIL ACTION

VERIFIED COMPLAINT

---

Plaintiff, Robert M. Pietrowicz, who resides at 11 Valhalla Way, of Rockaway, County of Morris, State of New Jersey by way of complaint against the defendant says:

### FIRST COUNT

1. Plaintiff, Robert M. Pietrowicz, is member and/or officer/director of Telemark Holdings, LLC, a New Jersey limited liability company, holding a fifty percent (50%) interest in said company.

2. Defendant, William C. Hovey, is a member and/or officer/director of Telemark Holdings, LLC, holding a fifty percent (50%) interest in said company. Defendant is also the registered agent and the registered office of said company is listed as his home, 14

Balchen Way, Rockaway, New Jersey 07866. All relevant business documents including but not limited to the Operating Agreement, business records, financial record and tax returns are located at the Registered Office.

3. Telemark Holdings, LLC was formed on June 1, 2005, and has since conducted business as a machine shop at 429 Rockaway Valley Road, Building 9, Suite 1400, Boonton, New Jersey. Plaintiff, Pietrowicz, and defendant, Hovey, are the only members, officers/directors of Telemark Holdings, LLC.

4. Telemark Holdings, LLC's assets consists of numerous pieces of business equipment/machinery, parts, active client list, patent/trademark rights, accounts receivables and money on deposit in a business account. The current lease expires on November 30, 2011 and there is a $3,500 security deposit held by landlord. Telemark Holdings, LLC also has debt including an outstanding credit line, equipment lease, and outstanding attorney fees.

5. There has been considerable disagreement between the parties as to the policy and management of the business resulting in a complete deadlock so that the Company cannot properly operate.

6. Since June 2011, plaintiff, Pietrowicz, has locked out of the business premises by defendant, Hovey.

7. Since June 2011, plaintiff, Pietrowicz, has requested defendant, Hovey, the opportunity to review or obtain copies of business of records including but not limited to: the Operating Agreement, bank account statements, account receivables, tax records, quarterly tax returns, copies of all checks, written and received, copies of bills and

business ledgers. Defendant, Hovey, has failed and refused to allow plaintiff access to or provide copies of any of these documents.

8. Upon information and belief, on or about June 2011, defendant, Hovey, formed a separate business entity, also a machine shop, and has operated same out of Telemark Holdings, LLC business location at 429 Rockaway Valley Road, Suite 1400, Building 9, Boonton, New Jersey. Defendant, Hovey, has attempted to convert and/or diminish the value of Telemark Holdings, LLC's assets by utilizing them in his new business entity.

9. On or about August 26, 2011, defendant, Hovey, filed a Certificate of Cancellation for Telemark Holdings, LLC, with the Secretary of State pursuant to N.J.S.A. 42:2B-14, with the effective date of cancellation being August 31, 2011.

10. Defendant, Hovey, filed said Certificate of Cancellation without notice to plaintiff Pietrowicz and without authorization in violation of N.J.S.A. 42:2B-15.

11. Defendant, Hovey, filed said Certificate of Cancellation without properly dissolving Telemark Holdings, LLC, winding up the affairs of said Company or distributing the assets of said Company in accordance with the Operating Agreement and relevant statutory provisions.

12. Telemark Holdings, LLC is unable to pay all of its debts as they mature unless the assets are liquidated.

13. The assets of Telemark Holdings, LLC if properly liquidated will be more than sufficient to pay all creditors and are likely to produce some money for the members of the Company unless said assets are diminished by defendant's actions.

PLTF - 000554

14. It is not practicable to carry on the business in conformity with the Operating Agreement;

15. Plaintiff, Pietrowicz, is hereby applying to the Court for dissolution by Judicial Decree, of Telemark Holdings, LLC in accordance with N.J.S.A. 42:2B-49.

16. Plaintiff, Pietrowicz, is further requesting that the Court appoint a liquidating Trustee or a receiver to wind up Telemark Holding, LLC affairs and distribute assets in accordance with N.J.S.A. 42:2B 49.1, N.J.S.A. 42:2B-50 and N.J.S.A. 42:2B-41.

**WHEREFORE, the plaintiff, Robert M. Pietrowicz, seeks judgment against defendant for:**

a. Declaring Telemark Holdings, LLC is dissolved in accordance with N.J.S.A. 42:2B-49.
b. That the Court appoint a liquidating Trustee and/or receiver to wind up Telemark Holdings, LLC affairs and distribute assets in accordance with N.J.S.A. 42:2B-49.1, N.J.S.A. 42:2B-50 and N.J.S.A. 42:2B-51.
c. That the defendant, Hovey, be restrained from selling, assigning, transferring, hypothecating, mortgaging, consigning, using or otherwise disposing of any assets, equipment, machinery, or materials of Telemark Holdings, LLC, in any manner unless and until the Court shall otherwise order.
d. Production of all business records including but not limited to Operating Agreement, business bank accounts, tax returns.
e. Restraining defendant from utilizing any/all operating machinery/equipment at business site for use in another entity owned by defendant.
f. For damages against defendant, Hovey, for all conduct resulting in the diminished value of Company assets or damage.
g. For costs of the within action including reasonable attorneys' fees.
h. For such other relief as the Court may deem just and equitable.

PLTF - 000555

## SECOND COUNT

1. Plaintiff, Robert M. Pietrowicz, repeats and re-alleges each and every allegation of the First Count as if set forth at length herein.

2. Since June 2011, defendant, William C. Hovey, has locked out and excluded plaintiff, Robert M. Pietrowicz, from the business premises of Telemark Holdings, LLC, and denied him access of all business records, bank account statements, business checks, tax returns, business ledgers, financial records and bills of Telemark Holdings, LLC.

3. On or about June 2011, defendant, William C. Hovey, set up another business entity and has attempted to divert business from Telemark Holdings, LLC to this other entity.

4. Since June 2011, defendant, William C. Hovey, without proper authorization, has unlawfully signed Telemark Holdings, LLC business checks, withdraw monies from Telemark Holdings, LLC business bank accounts, attempted to sell Telemark operating machinery/equipment of company, filed a Certificate of Cancellation for Telemark Holdings, LLC, converted or attempted to convert business assets and operating machinery/equipment of Telemark Holdings, LLC to another entity.

5. Defendant, Hovey's actions and/or attempts to convert and/or misappropriate Telemark Holdings, LLC's assets were conducted in bad faith, contrary to the provisions of the Operating Agreement and policies of the Company and constitute deliberate/willful misconduct and/or gross negligence and resulted in a diminished value of the Company, increase in debt and any other damage to the plaintiff.

6. Defendant, Hovey's actions constitute willful misconduct and/or gross conduct, caused and resulted in the conversion of Company assets to another business entity owned by defendant, and misappropriation of the Company's business funds, thereby damaging plaintiff.

WHEREFORE, the plaintiff, Robert M. Pietrowicz, seeks judgment against defendant for:

a. Declaring Telemark Holdings, LLC is dissolved in accordance with N.J.S.A. 42:2B-49.
b. That the Court appoint a liquidating Trustee and/or receiver to wind up Telemark Holdings, LLC affairs and distribute assets in accordance with N.J.S.A. 42:2B-49.1, N.J.S.A. 42:2B-50 and N.J.S.A. 42:2B-51.
c. That the defendant, Hovey, be restrained from selling, assigning, transferring, hypothecating, mortgaging, consigning, using or otherwise disposing of any assets, equipment, machinery, or materials of Telemark Holdings, LLC, in any manner unless and until the Court shall otherwise order.
d. Production of all business records including but not limited to Operating Agreement, business bank accounts, tax returns.
e. Restraining defendant from utilizing any/all operating machinery/equipment at business site for use in another entity owned by defendant.
f. For damages against defendant, Hovey, for all conduct resulting in the diminished value of Company assets or damage.
g. For costs of the within action including reasonable attorneys' fees.
h. For such other relief as the Court may deem just and equitable.

PLTF - 000557

## DESIGNATION OF TRIAL COUNSEL

RECEIVED & FILED
SUPERIOR COURT
2011 OCT 28 P 2: 54
CIVIL DIVISION

Steven J. Veltri, Esq. is hereby designated as trial counsel for Plaintiff, Robert M. Pietrowicz pursuant to Rule 4:5-1 et seq.

## CERTIFICATION

I hereby certify that pursuant to Rule 4:5-1(1), the within matter in controversy is not the subject of any other action pending in any other court or arbitration other than those listed in Exhibits "A attached hereto (2) no other action or arbitration proceeding is contemplated; and (3) no other necessary party to be joined in the subject litigation is presently known.

Dated: 10/27/11

_____
STEVEN J. VELTRI
Attorney for Plaintiff, Robert M. Pietrowicz

PLTF - 000558

RECEIVED & FILED
SUPERIOR COURT
2011 OCT 28 P 2 54
CIVIL DIVISION

## VERIFICATION

State of New Jersey
County of Morris

Robert M. Pietrowicz, of full age, being duly sworn on his oath according to law, deposes and says:

1. I am the plaintiff in the foregoing Complaint.

2. I have read the said Complaint and know the contents thereof. The allegations of said complaint are true.

Dated: 10/27/11

_____
Robert M. Pietrowicz

_____
Steven J. Veltri
Attorney at Law
State of New Jersey

PLTF - 000559