# EXHIBIT E

**PLAINTIFF'S TRIAL EXHIBIT 030**

Kassem & Camejo, LLC
1000 Clifton Avenue
Clifton, New Jersey 07013
Telephone No.: (973) 773-1300
Facsimile No.: (973) 773-1325
Attorneys for defendant William C. Hovey

**FILED**
JAN 26 2012
DEANNE M. WILSON
JUDGE SUPERIOR COURT

| | |
|---|---|
| ROBERT M. PETROWICZ, <br> Plaintiff, <br> v. <br> WILLIAM C. HOVEY, <br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: MORRIS COUNTY <br> DOCKET NO.: MRS-C-152-11 <br> Civil Action <br> **CONSENT ORDER** |

This matter having been agreed to by KASSEM & CAMEJO, LLC (by Nabil N. Kassem, Esq.) attorneys for defendant William C. Hovey (the "Defendant"), and by the office of Steven J. Veltri, Esq. (by Steven J. Veltri, Esq.), attorneys for plaintiff Robert M. Petrowicz (the "Plaintiff")(collectively the "Parties"); and for good cause shown;

IT IS on this 26th day of January 2012,

ORDERED as follows:

1. The Parties mutually agree upon Al Fontanella, CPA to perform an independent accounting of Telemark Holdings, LLC ("Telemark"). This shall not preclude a party from obtaining his own accounting at his own cost. The expense of the accounting services of Al Fontanella, CPA shall be distributed equally between the Parties;

2. The Parties agree that they are restrained from selling, assigning, transferring, hypothecating, mortgaging, consigning, using or otherwise disposing or moving any assets, equipment, machinery or materials of Telemark in any manner unless and until the Court shall otherwise order;

3. The Parties agree not to incur any additional costs, debts and/or the like in the name of Telemark;

4. The Parties agree to make payments in connection with any and all just debts of Telemark;

5. The Parties agree to obtain any and all records from Telemark's suppliers relating to its purchases. The expense of the same shall be distributed equally between the Parties;

6. The Parties agree to obtain any and all records from Telemark's credit card carriers. The Parties agree not to incur any additional expenses on those cards and to immediately close the same, if they have not already done so. The expense of the same shall be distributed equally between the Parties;

7. The Parties agree to obtain any and all records from Wachovia/Wells Fargo relating to any and all of its accounts. The expense of the same shall be distributed equally between the Parties.

8. Defendant agrees to continue to pay any lines of credit or other just debts of Telemark with Wachovia/Wells Fargo for which there shall be an accounting in the future and the amounts paid credited;

9. The Parties agree to obtain any and all records from "corporate counsel" Chippewon Law Group, LLC. The expense of the same shall be distributed equally between the Parties;

10. The Parties agree to video tape the premises of each other before the end of January 2012. The expense of the same shall be distributed equally between the Parties, if any;

11. The Parties agree that they shall provide one another any and all business records for Telemark that are in their possession, custody and/or control including but not limited to documents such as Operating Agreement, business bank accounts, accounts receivable, debts, lines of credit with payment history and tax returns. The Parties shall not destroy any records and shall preserve same. The expense of the same shall be distributed equally between the Parties.

12. Plaintiff consents to extend the time within which the Defendant may answer or otherwise move with respect to the complaint for a period of thirty (30) days from the date of service of this Order; and

13. A copy of this Order shall be served upon all counsel of record within __7__ days of the entry hereof.

I hereby consent to the form
and entry of this order.

KASSEM & CANEJO, LLC
Attorneys for Defendant

_____
Nabil N. Kassem, Esq.

Steven J. Veliri, Esq.
Attorneys for the Plaintiff

_____
Steven J. Veliri, Esq.

_____
HON. DEANNE M. WILSON, P.J.Ch.